IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM MICHAEL JONES,                    00-CV-1795-BR

        Plaintiff,                OPINION AND ORDER

v.

ROBERT ROSE, *et al.*,

        Defendants.

BROWN, Judge.

    This matter comes before the Court on (1) Plaintiff's Motion
for Clarification of Court's 12-21-2006 Case Management Order and
Objections to Proposed Schedule and Request for Time (#675) and
(2) Plaintiff's Motion Specifying the Circumstances Requiring
Consideration of Extra Record Documents or Categories of
Documents Supplementing Judicial Review (#679).

1 - OPINION AND ORDER

For the following reasons, the Court **DENIES** Plaintiff's Motion for Clarification.  The Court also **DENIES** Plaintiff's Motion Specifying the Circumstances Requiring Consideration of Extra Record Documents to the extent that Plaintiff seeks to include such extra-record materials as part of the Administrative Record on the 2003 Channel-Deepening Environmental Impact Statement (2003CDEIS).  To the extent that Plaintiff seeks an order establishing the admissibility of such extra-record material in support of or in opposition to anticipated motions for summary judgment, the Court **DENIES** Plaintiff's Motion as premature.

## BACKGROUND

Utterly disregarding this Court's repeated orders and admonitions that he comply with Fed. R. Civ. P. 8(a) and assert short and plain statements of his remaining claims, Plaintiff filed a Second Amended Complaint on October 13, 2006, that is 181 pages and contains lengthy and improper factual statements and legal arguments alleging violations of the Clean Water Act (CWA), National Environmental Policy Act (NEPA), and Administrative Procedure Act (APA) by the Army Corps of Engineers, the Port of Portland, and the City of Portland in regard to alleged unpermitted fill activities on West Hayden Island (WHI).

On December 21, 2006, the Court issued its most recent Case Management Order in which it recharacterized in short and plain statements (1) all of Plaintiff's claims that remain in this action after multiple summary-judgment rulings by both this Court and the Honorable Robert E. Jones, who formerly presided over this matter before recusing himself at Plaintiff's request, and (2) Plaintiff's additional claims arising from the Corps's issuance of the 2003CDEIS and a 2006 After-the-Fact Permit (2006Permit) authorizing one of the Port's earlier "unpermitted" fills of WHI wetlands.  The Court also authorized Plaintiff to file a "Motion for Discovery or to Supplement the Record relating only to the [Corps's] Administrative Record lodged on December 1, 2006," pertaining to the 2003CDEIS.

Plaintiff's latest Motions address issues relating to the Court's Case Management Order as well as the scope of the Administrative Records and other evidence on review.

1.   **Clarification of the Court's Case Management Order**.

Plaintiff alleges in one of his remaining APA claims that the Corps acted arbitrarily and capriciously when it issued its final agency action on the "Verification of Permanent Change of Boundaries" for purposes of CWA jurisdiction.  As part of that final agency action, the Corps identified the "actual ordinary high water mark around WHI" and "described the process used to

determine that location." *See Notice of Agency Action* (#629) (issued Aug. 16, 2006).

Plaintiff now seeks clarification as to whether he may "raise claims using NEPA or other APA challenges . . . based on the failure of the Corps to use the correct standard, the High Tide Line," to prove these claims. In addition, Plaintiff requests additional time to file a motion to supplement the record with additional materials regarding "tidal datum" to support his contention that the High Tide Line is the appropriate standard for CWA jurisdiction at WHI.

This Court previously ruled, and has reiterated on numerous occasions, that it will not reconsider Judge Jones's earlier decision that the Columbia River is non-tidal at WHI, and, therefore, CWA jurisdiction on WHI is marked by the Ordinary High Water Line rather than the High Tide Line. Plaintiff asserts he does not intend to "revisit and rehash Judge Jones deference to the use of the Historic High Water Line rather than the High Tide Line" as it applies to the "expired 1997 Wetland Delineation, the Halloween Delineation," but he instead "attempt[s] to move beyond . . . Judge Jones' unfortunate decision concerning a 1997 action." In other words, Plaintiff fully intends to relitigate the issue as it pertains to final agency actions of the Corps, including the Corps's issuance of the "Verification of Permanent Change of Boundaries" and the 2006Permit, and Plaintiff seeks to

supplement the Administrative Records for both of those agency actions.

Plaintiff apparently has chosen to ignore this Court's repeated admonitions that he cease arguing the appropriate standard for determining the CWA jurisdictional boundary at WHI. Notwithstanding the traditional latitude granted to *pro se* litigants, this Court will not tolerate further argument by Plaintiff on this issue.  If Plaintiff ignores this final admonition, the Court will impose appropriate sanctions.

The Court's Case Management Order and the deadlines set forth therein are clear and do not require any clarification. Moreover, Plaintiff shall not be permitted to supplement the Administrative Records regarding any final agency action taken by the Corps for the purpose of attempting to establish the High Tide Line as the CWA jurisdictional limit on WHI.

**2.    Circumstances Requiring Consideration of Extra-Record Documents or Categories of Documents Supplementing Judicial Review.**

Plaintiff states he intends "to submit extra record material in the motions for summary judgment, due on March 1, 2007."  He proceeds to identify four categories of documents that he proposes to add to the Corps's Administrative Record pertaining to the 2003CDEIS Administrative Record filed on December 1, 2006.

The Court agrees with the Corps that Plaintiff has not filed a "Motion for Discovery or to Supplement the Record" as required by the Court's Case Management Order, but instead he has merely informed the Court that he intends to submit extra-record materials relating to the anticipated summary judgment motions and gives his reasons as to why he thinks the materials are relevant.

The Court also notes many of the categories of documents identified by Plaintiff are not appropriate to be included as part of the Administrative Record on review.  Instead they appear to be documents that reflect factual matters or legal authorities that may be used to challenge the 2003CDEIS on summary judgment.

    a.  <u>First Category of Documents</u>.

Plaintiff alleges the Corps failed "to implement the procedures under Executive Order 11988 in the 2003CDEIS," which "establish the limits of the FEMA flood plain on WHI," and the Corps thereby failed to consider all relevant factors before issuing the 2003CDEIS.

The applicability of Executive Order 11988 and procedures adopted by the Corps to implement that Order are matters that may be argued on summary judgment, but they are not materials to be included in the Administrative Record itself.  On any summary-judgment motion, Plaintiff shall have the burden to establish that such documents or categories of documents are relevant and

6 - OPINION AND ORDER

otherwise admissible to support his argument that the Corps
failed to consider all relevant factors before issuing the
2003CDEIS.

b.  Second Category of Documents.

These documents purport to establish "the 107 mile reach of
the Columbia River proposed for channel deepening is tidal."  As
the Court has pointed out repeatedly, the issue as to whether the
Columbia River is tidal at WHI, which is within the 107-mile
reach of the Columbia River, has been decided against Plaintiff
in this case.  The Court, therefore, will not consider these
documents on summary judgment for any of the purposes set out by
Plaintiff.  If  Plaintiff ignores the Court's admonition and
raises this issue on summary judgment, he will be subject to
appropriate sanctions.

c.  Third Category of Documents.

Plaintiff apparently intends to offer documents in support
of a summary judgment motion to prove other unlawful fill
activity by the Port on WHI in addition to the unlawful fill
addressed by the 2006Permit issued to the Port by the Corps.
Plaintiff asserts such evidence is a relevant factor that should
have been but was not considered by the Corps when it issued the
2006Permit.

The Court finds such documents may be admissible as extra-
record evidence tending to establish that the Corps failed to

7 - OPINION AND ORDER

consider all relevant factors before issuing the 2006Permit.  The admissibility of the documents, however, will be determined in conjunction with any summary-judgment motion on the validity of that permit.  In any event, the Administrative Record on the 2006Permit may not be supplemented by these documents.

     d.  <u>Fourth Category of Documents</u>.

     Plaintiff intends to present documents with a summary-judgment motion to support his claim that the Corps's 2003CDEIS should have included a site-specific analysis addressing the environmental impact of the channel-deepening activities on WHI, particularly in light of an earlier designation of WHI as a "specific aquatic area of national importance."  According to Plaintiff, these documents will prove the 2003CDEIS failed to consider a serious environmental consequence of the channel-deepening activity under review.

     The Corps responds it may be appropriate for the Court to consider such evidence in support of Plaintiff's argument that the Corps failed to consider all environmental impacts when it issued Permit 5254, the validity of which is the subject of one of Plaintiff's claims in this case.  The Corps, however, asserts the evidence "cannot relate to the [2003]CDEIS because it *is* an EIS."

     At issue is whether the Corps adequately considered the environmental impact of allowing dredged spoils from the Columbia

8 - OPINION AND ORDER

River to be disposed on WHI.

In its 2003CDEIS, the Corps considered the environmental impact of the proposed Columbia River dredging operations.  The Corps issued Permit 5254 to allow the Port to dispose of the resulting spoils on WHI.  Plaintiff alleges the Corps has prepared environmental impact statements in the past that addressed disposal of spoils on WHI before issuing permits for the disposal, and Plaintiff alleges the Corps should have done so again before issuing Permit 5254.

The Corps's sole objection to this evidence is that it should not be included as part of the Administrative Record on the 2003CDEIS.  The Corps does not object to the Court's consideration of such extra-record evidence to the extent it is otherwise admissible and relevant as to whether the Corps considered all pertinent factors before issuing Permit 5254 to the Port.

The Court agrees with the Corps that, if otherwise admissible and relevant, this category of documents may be considered as extra-record materials to support Plaintiff's anticipated summary judgment motion challenging the Corps's issuance of Permit 5254.  It is not, however, appropriate to include these documents as a supplement to the Administrative Record for the 2003CDEIS.

9 - OPINION AND ORDER

## <u>CONCLUSION</u>

For these reasons, the Court **DENIES** Plaintiff's Motion for Clarification of Court's 12-21-2006 Case Management Order and Objections to Proposed Schedule and Request for Time (#675).  The Court also **DENIES** Plaintiff's Motion Specifying the Circumstances Requiring Consideration of Extra Record Documents or Categories of Documents Supplementing Judicial Review (#679) to the extent that Plaintiff seeks to include such extra-record material as part of the Administrative Record on the 2003CDEIS.  To the extent that Plaintiff seeks an Order establishing the admissibility of such extra-record materials in support of or in opposition to anticipated motions for summary judgment, the Court **DENIES** Plaintiff's Motion as premature.

IT IS SO ORDERED.

DATED this 22nd day of January, 2007.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge


10- OPINION AND ORDER