IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILLIAM MICHAEL JONES,                              CV 00-1795-BR

       Plaintiff,                               OPINION AND ORDER

v.

ROBERT ROSE, *et al.*,

       Defendants.

**WILLIAM MICHAEL JONES**
2716 N.E. Mason St.
Portland, OR 97211
(503) 284-0502

       Plaintiff, *Pro Se*

**KELLY A. JOHNSON**
Acting Assistant Attorney General
Environmental & Natural Resource Division
Environmental Defense Section
United States Department of Justice
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044
(202) 305-0210

1  - OPINION AND ORDER

**MICHAEL J. ZEVENBERGEN**
Environmental & Natural Resource Division
United States Department of Justice
7600 Sand Point Way N.E.
Seattle, WA 98115
(206) 526-6607

**CYNTHIA J. MORRIS**
**DAVID J. KAPLAN**
Environmental & Natural Resource Division
United States Department of Justice
P.O. Box 23986
Washington, D.C. 20026
(202) 616-7554

**MISTY LATCU**
Portland District, Corps of Engineers
333 S.W. First Avenue
Portland, OR 97204
(503) 808-4527

   Attorneys for Federal Defendants

**LINDA MENG**
City Attorney
**TERENCE L. THATCHER**
Deputy City Attorney
1200 S.W. Fourth Ave.
Portland, OR 97210
(503) 823-4047

   Attorneys for City of Portland Defendants

**HARDY MYERS**
Attorney General
**JOHN URQUHART**
Assistant Attorney General
Department of Justice
1162 Court St.
Salem, OR 97301
(503) 378-6313

   Attorneys for State of Oregon Defendants

**CARLA L. KELLEY**
Port of Portland
121 N.W. Everett St.
P.O. Box 3529
Portland, OR 97208
(503) 944-7031

**JEFFREY W. LEPPO**
**LAURIE K. BEALE**
Stoel Rives LLP
600 University St., Suite 3600
Seattle, WA 98101
(206) 624-0900

       Attorneys for Defendant Port of Portland

**BROWN, Judge.**

    This matter comes before the Court on Defendant Port of Portland's Motion to Intervene (#685) as a party-defendant to certain claims brought by Plaintiff against Defendant Army Corps of Engineers.

    For the following reasons, the Court **GRANTS** the Port's Motion.

### BACKGROUND

    Plaintiff alleges, *inter alia*, the Corps violated the Administrative Procedure Act (APA) and the requirements of the Clean Water Act (CWA) when it (1) issued After-the-Fact Permit 200100062 to the Port, which validated an otherwise unpermitted disposal of fill material into wetlands on West Hayden Island (WHI) and (2) when it issued the "Verification of Permanent

3   - OPINION AND ORDER

Change of Boundaries" for purposes of CWA jurisdiction over property owned by the Port on WHI.

In addition, Plaintiff alleges the Corps violated the APA and the National Environmental Policy Act (NEPA) when the Corps issued both the 1998 Supplemental Environmental Impact Statement (1998SEIS) and the 2003 Channel-Deepening Project Environmental Impact Statement (2003CDEIS) pertaining to the operation and maintenance of the Columbia and Lower Willamette River Navigation Channel.

The Port moves to intervene of right as a party-defendant to the above claims under Fed. R. Civ. P. 24(a)(2) or, in the alternative, permissively under Rule 24(b)(2). Federal Defendants do not oppose the Port's Motion.

Plaintiff opposes the Motion on the ground that the Port has not met the prerequisites for intervention.

## **STANDARDS**

The Ninth Circuit has set out four requirements for intervention of right under Rule 24(a)(2) in environmental cases other than those involving NEPA claims as follows:

> (1) the application for intervention must be timely; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the transaction; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or

4  - OPINION AND ORDER

>    impede the applicant's ability to protect
>    that interest; and (4) the applicant's
>    interest must be inadequately represented by
>    the existing parties in the lawsuit.

*Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1493 (9th Cir. 1995)(citation omitted).  Generally the court must construe Rule 24(a)(2) liberally in favor of potential intervenors.  *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).  In addition, the court must examine the evidence and arguments in favor of intervention with "practical and equitable" considerations in mind rather than "technical distinctions."  *Id*.  *See also Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

In cases involving NEPA claims, however, the Ninth Circuit has disallowed intervention of right by parties other than the federal government as to the issue of liability because NEPA claims address only "the government's compliance or non-compliance with its legal duties . . . [and] private parties do not have a 'significantly protectable interest' in NEPA compliance actions."  *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1108 (9th Cir. 2002).  Nevertheless, the Ninth Circuit's limitation on the right to intervene in a NEPA case does not appear to extend to the remedy phase of such a case as long as the intervening party otherwise meets all of the requirements of Rule 24(a)(2).  Moreover, even in those cases

5  - OPINION AND ORDER

involving NEPA liability issues, the Ninth Circuit has concluded permissive intervention under Rule 24(b)(2) is appropriate at the discretion of the court if the motion is timely and "there is a common question of law or fact."  *Kootenai,* 313 F.3d at 1108.

## DISCUSSION

1.  **Port's Intervention as to APA Claims**.

   The Port asserts it is entitled to intervene of right as a party-defendant as to Plaintiff's claims that the Corps violated the APA and Clean Water Act when it issued an after-the-fact permit validating the Port's otherwise unpermitted fill of WHI wetlands and a "Verification of Permanent Change of Boundaries" regarding CWA jurisdiction as it pertains to property owned by the Port on WHI.

   a.  Timeliness of Motion.

   Courts weigh three factors when determining whether a motion to intervene is timely:  (1) the stage of the proceeding at which an applicant seeks to intervene, (2) the prejudice to other parties, and (3) the reason for and length of the delay.

   On October 13, 2006, Plaintiff amended his Complaint to allege the claims on which the Port now seeks to intervene.  On December 21, 2006, this Court issued its Case Management Order clarifying Plaintiff's claims.  The Court's clarification was necessary because of Plaintiff's repeated failure to comply with

6 - OPINION AND ORDER

the pleading requirements of Fed. R. Civ. P. 8(a).  The Port filed this Motion within a reasonable time on January 26, 2007.

Plaintiff argues he is prejudiced because his response to the Port's Motion "has unfairly taken time from the already small time allowed the Plaintiff to bring all his claims" in light of the March 1, 2007, deadline imposed by the Court for Plaintiff to file his remaining dispositive motions.  Plaintiff, however, fails to identify any specific prejudice to his ability to meet the Court's deadline for filing dispositive motions, and the Court does not perceive any reason why the Port's intervention would require Plaintiff to adjust any of his arguments regarding the legality of the Corps's actions.

Plaintiff also argues the Port unreasonably delayed seeking intervention for more than six years, which Plaintiff apparently attributes to the Court's action in forbidding him to file motions "for the first five years."  Plaintiff's arguments are not clear and are without merit in light of the fact that Plaintiff only recently asserted the claims at issue in this Motion.

On this record, the Court finds the Port's Motion to Intervene was timely filed.

b.  <u>Significantly Protectable Interest</u>.

The Port contends its interest in the APA actions taken by the Corps is "self-evident."  The Port is the direct beneficiary

7 - OPINION AND ORDER

of both the Corps's recent issuance of the after-the-fact permit and the Corps's "Verification of Permanent Change of Boundaries" for purposes of CWA jurisdiction on WHI.

Plaintiff, on the other hand, argues the Corps is capable of protecting the Port's interest, and, in any event, the Port has "no protected right . . . to support the Corps's connivance and ratification of Port illegal behavior that is **not** in the public interest." (Emphasis in original.)

On this record, the Court finds the Port has a significant protectable interest in the Corps's actions at issue.

  c. <u>Impairment of Ability to Protect Interests</u>.

The Port contends its self-evident interests will be impaired if Plaintiff prevails and obtains injunctive relief invalidating the after-the-fact permit and/or the boundary change for CWA jurisdiction over property owned by the Port on WHI.

Plaintiff's response, in brief, is that the Port and the Corps have colluded, and "[t]he wheels of justice will not come off if the Plaintiff gets 30 pages to argue his motion and it is only rebutted by the United States Department of Justice."

Based on the foregoing, the Court finds the Port has interests that may be impaired by an adverse ruling on Plaintiff's claim for injunctive relief.

  d. <u>Adequate Representation of the Port's Interest</u>.

The Port asserts it has private, economic interests as a nonfederal permittee and property owner on WHI that are very different from the Corps's public interests as a federal permitting and decision agency.  The Port's burden to demonstrate that its private, economic interests will not be adequately represented by the Corps in light of the Corps's public interests is "minimal."  *See Sierra Club v. Espy,* 18 F.3d 1202, 1208 (5th Cir. 1994)(citing *Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n.10 (1972)).

Plaintiff argues only that the Corps has the legal resources and the desire to represent the Port's valid interests.

The Court finds the Port has established that its economic interests in the after-the-fact permit and the Corps's decision verifying a permanent change of boundaries on WHI would not be adequately represented by the Corps.

Accordingly, the Court concludes the Port is entitled to intervene of right as a party-defendant to Plaintiff's APA claims pertaining to the Corps's decisions to issue the after-the-fact permit to the Port and to verify a permanent change of boundaries on WHI for purposes of CWA jurisdiction.

**2.    Port's Intervention as to APA/NEPA Claims**.

The Ninth Circuit has held, and the Port concedes, that intervention of right is precluded as to the liability phase of NEPA claims such as those made by Plaintiff against the Corps's

1998SEIS and 2003CDEIS because "private parties do not have a 'significant protectable interest' in NEPA compliance actions." *Kootenai,* 313 F.3d at 1108.

Nevertheless, the Port still relies on *Kootenai* to support its contention that it is entitled to intervene of right on the remedy phase of the NEPA claim because the remedy issue is separate from the compliance issue.  In any event, the Port urges the Court to exercise its discretion under Fed. R. Civ. P. 24(b)(2) and to allow the Port to intervene permissively on both the liability and the remedy phase.  *Id.* at 1108, 1110-11.

In *Kootenai,* the Ninth Circuit distinguished between the prerequisite of a "protectable interest" before a party may intervene of right in the liability phase of a NEPA case and the limited requirement that there be a common question of law or fact to support permissive intervention in a such a case subject to the discretion of the trial court.  *Id.* at 1108-11.  The Ninth Circuit found a court, in the exercise of its discretion, "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."  *See* Fed. R. Civ. P. 24(b)(2).

There is no question that the Port will address the same factual and legal issues that will be addressed in Plaintiff's NEPA claims against the Corps.  Thus, for the same reasons that the Court found the Port established its right to intervene in

10 - OPINION AND ORDER

Plaintiff's APA claims, the Court, in the exercise of its discretion, finds the Port should be permitted to intervene as a party-defendant in Plaintiff's NEPA claims pursuant to Federal Rule of Civil Procedure 24(b)(2).

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant Port of Portland's Motion to Intervene (#685) as a party-defendant to Plaintiff's claims against Defendant Army Corps of Engineers arising from the Corps's issuance of After-the-Fact Permit 200100062 to the Port and the Corps's issuance of both the 1998 Supplemental Environmental Impact Statement (1998SEIS) and the 2003 Channel-Deepening Project Environmental Impact Statement (2003CDEIS) pertaining to the operation and maintenance of the Columbia and Lower Willamette River Navigation Channel.

IT IS SO ORDERED.

DATED this 12th day of February, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge