IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**WILLIAM MICHAEL JONES,**                                    00-CV-1795-BR

       **Plaintiff,**                                  OPINION AND ORDER

**v.**

**ROBERT ROSE,** *et al.,*

       **Defendants.**


**WILLIAM MICHAEL JONES**
2716 N.E. Mason St.
Portland, OR 97211
(503) 284-0502

       Plaintiff, *Pro Se*

**ROBERT J. TENPAS**
Acting Assistant Attorney General
**CYNTHIA J. MORRIS**
**DAVID KAPLAN**
Environmental & Natural Resource Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-23986
(202) 616-7554

1  - OPINION AND ORDER

**SAMANTHA KLEIN**
Natural Resources Section
P.O. Box 663
Washington D.C. 20044
(202) 305-0474

      Attorneys for Federal Defendants

**LINDA MENG**
City Attorney
**TERENCE L. THATCHER**
Deputy City Attorney
1200 S.W. Fourth Ave.
Portland, OR 97210
(503) 823-4047

      Attorneys for City of Portland Defendants

**JEFFREY W. LEPPO**
**LAURIE K. BEALE**
Stoel Rives LLP
600 University St., Suite 3600
Seattle, WA 98101
(206) 624-0900

      Attorneys for Defendant Port of Portland

**BROWN, Judge.**

This matter comes before the Court on Defendant Port of Portland's Motion for Limited Reconsideration (#976) of the Court's ruling on the Port's Cross-Motion for Partial Summary Judgment (#753). *See* Opin. and Order (#971) at 81 (issued Feb. 28, 2008).

For the reasons that follow, the Court **GRANTS** the Port's Motion for Limited Reconsideration, and, on reconsideration, the

2  - OPINION AND ORDER

Court **GRANTS** the Port's Cross-Motion for Partial Summary Judgment.

## BACKGROUND

Plaintiff moved for partial summary judgment (#704) that the Port violated the Clean Water Act, 33 U.S.C. § 1404(a), by installing tide gates on West Hayden Island (WHI) without first obtaining a § 404(a) Permit.  Plaintiff contended a permit was required because the Port's installation of tide gates unlawfully restricted the reach and flow of the Columbia River on WHI.  The Port did not dispute that it installed tide gates with attached culvert extensions on WHI without obtaining a § 404(a) Permit.

On April 30, 2007, the Port filed a Cross-Motion for Partial Summary Judgment in which it presented undisputed evidence that the tide gates were removed before Plaintiff filed this action. As a consequence, the Port argued any violation of the CWA arising from installation of the tide gates was moot because it was a "wholly-past" violation.  *See Headwaters, Inc. v. Talent Irrigation Dist.*, 243 F.3d 526, 529 (9th Cir. 2001)(under the citizen provisions of the CWA, 33 U.S.C. § 1365(a), a court lacks jurisdiction to review wholly-past violations).  The Port, however, did not present any evidence that the attached culvert extensions were removed along with the tide gates.

Although the Court agreed with the Port that any violation

3  - OPINION AND ORDER

of the CWA arising from the installation of tides gates was moot, the Court found Plaintiff's claim arising from installation of the culvert extensions was not moot in the absence of evidence that the Port removed culvert extensions before Plaintiff filed this action.  *See* Opin. and Order at 78-79 (issued Feb. 28, 2008).  The Court concluded a genuine issue of material fact existed as to whether the culvert extensions restricted the reach and flow of the Columbia River on WHI and, therefore, denied Plaintiff's Motion for Partial Summary Judgment on that issue.

## DISCUSSION

The Port notes Plaintiff never addressed the issue of the culvert extensions either factually or legally in any memorandum or evidentiary pleading in support of his Motion for Partial Summary Judgment or in opposition to the Port's Cross-Motion for Partial Summary Judgment.  The Port now presents undisputed evidence that it removed the culvert extensions in 2000 when it removed the tide gates to which the culvert extensions were attached.  *See* Port's Mot. for Partial Summary J., Laubenthal 2d Supplemental Decl. ¶ 5 and Hendricks Decl. ¶ 8.

Notably, Plaintiff does not dispute the factual accuracy of the Port's latest Declarations to the extent that they establish the Port removed the culvert extensions at the same time the Port removed the tide gates.  Plaintiff, however, notes this Court

4  - OPINION AND ORDER

previously ruled it will not reconsider its prior dispositive rulings and, therefore, should abide by that ruling here. If the Court decides to reconsider its prior ruling as to the Port's Motion, however, Plaintiff asserts the Court also should reconsider evidentiary rulings that were adverse to Plaintiff and allow Plaintiff to file motions to strike and motions to compel production of documents.

In the exceptional circumstances presented here, the Court concludes the Port's supplemental evidence makes clear any CWA violation arising from the Port's installation of the culvert extensions was a "wholly-past" violation. Accordingly, Plaintiff's CWA claim against the Port for installing both the tide gates and the attached culvert extensions without a § 404(a) Permit was already moot when Plaintiff filed this action and this Court lacked subject-matter jurisdiction over Plaintiff's claim. The Court also rejects as improvident Plaintiff's request for a *quid pro quo* reconsideration of evidentiary rulings adverse to Plaintiff and for the opportunity to engage in further evidentiary motion practice.

## CONCLUSION

For these reasons, the Court **GRANTS** the Port's Motion for Limited Reconsideration (#976), and, following reconsideration,

5 - OPINION AND ORDER

the Court **GRANTS** the Port's Cross-Motion for Partial Summary Judgment (#753).

    IT IS SO ORDERED.

    DATED this 24th day of June, 2008.


                                             /s/ Anna J. Brown

                                      ANNA J. BROWN
                                      United States District Judge